## NUGENT v. PHILADELPHIA TRACTION CO.

(Circuit Court, E. D. Pennsylvania. May 31, 1898.)

No. 31.

COURTS—CONCURRENT JURISDICTION—CONCLUSIVENESS OF ADJUDICATION.

Where suits on the same cause of action are pending simultaneously in the state court and in the United States circuit court, a final judgment entered in the former is binding on the latter.[1]

This was an action by one Nugent against the Philadelphia Traction Company. Plaintiff demurs to the plea.

Ingham & Newitt, for plaintiff.

Thad. L. Vanderslice, for defendant.

BUTLER, District Judge. The plea sets out a good defense, and the demurrer must be overruled. The judgment in the common pleas is conclusive. If the suit there had terminated with the order of reversal, there might be some question about its effect. The question need not however be considered. The subsequent judgment entered was a final disposition of the rights of the parties. I am not at liberty to consider the propriety of entering that judgment; the question is not before me. The judgment is not here for review, and cannot be disregarded; it must stand until reversed. The scope and construction of the statute under which the court proceeded, and its applicability to the facts, were matters for the consideration of that court; and its judgment respecting them is conclusive. The suit here did not oust the jurisdiction which had previously attached in the common pleas. The two courts thereafter had concurrent authority to proceed and dispose of the cause of litigation (if it was not disposed of previously to the suit here), and a disposition of it by either would conclude further proceeding by the other. The situation is unlike that which arises in cases of removal, or appeal. The plaintiff was at liberty to seek final judgment in either suit, and the defendant equally at liberty to invoke the aid of the court in either, to that end. The defendant invoked and obtained such aid in the state court. If the plaintiff had obtained permission to discontinue the first suit, before commencing the second, the situation would be different. Discontinuances are treated as if at the option of the plaintiff alone, but they nevertheless rest upon an implied assent of the court, and should not be allowed in any case after verdict, where the object is to prolong the litigation. A discontinuance would not have been allowed by the court in this case after the order of reversal. It is sufficient that it was not allowed, however, and that the case remained open to further action, as the court determined.

[1] As to "Res Judicata as between Federal and State Courts," see note to Railroad Co. v. Morgan, 21 C. C. A. 480.